UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DWAYNE ANTHONY MOSES, SR.**                                    **CIVIL ACTION**

**VERSUS**                                                              **NO. 14-2379**

**JEFFERSON PARISH, ET AL.**                                    **SECTION: "A"(1)**

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, Dwayne Anthony Moses, Sr., a state inmate, filed this civil action pursuant to 42 U.S.C. § 1983. He named the following defendants: Jefferson Parish; Sheriff Newell Normand; Warden Sue Ellen Monfra; Deputy Wilfred; Sergeants Foret, Lee, Banner, Berrian, and Abadie; and other unidentified individuals. On January 6, 2015, the undersigned conducted a <u>Spears</u> hearing in order to better understand the nature and factual bases of plaintiff's claims. <u>See</u> <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985). The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement, and a plaintiff's testimony at such a hearing becomes a part of the total filing by the *pro se* applicant. <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996). Based on plaintiff's complaint and his testimony at the <u>Spears</u> hearing, the Court finds that plaintiff is making the following allegations in this lawsuit.

Officials at the Jefferson Parish Correctional Center failed to transport plaintiff to his parole revocation hearing scheduled for September 11, 2014. When he failed to appear, the hearing was rescheduled. However, before that rescheduled hearing was held, he was visited by his parole officer and, based on the parole officer's advice, plaintiff signed paperwork admitting that he had violated his parole, thereby obviating the need for the hearing.

Plaintiff also alleges that he was sprayed with mace by defendant Wilfred during the distribution of medications to inmates on October 2, 2014.  Wilfred stated that she sprayed plaintiff as he "walked briskly" toward her, which she interpreted as a move to assault her.  Although plaintiff alleges that was untrue, he was nevertheless charged with the criminal offense of simple assault, and that charge remains pending in state court.  He claims that the defendants charged him with simple assault in order to retaliate against him for filing administrative grievances.

At the Spears hearing, plaintiff stated that he sued Warden Monfra and Sheriff Normand because they are supervisory officials.  He conceded that they were not personally involved in the foregoing incidents.

## I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).[1]  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

---

[1]   "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

2

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Broadly construing plaintiff's complaint[2] and fully considering his <u>Spears</u> hearing testimony, the undersigned hereby makes the following recommendations.

## II.  Claims Against Jefferson Parish

As a preliminary matter, the Court notes that plaintiff has named Jefferson Parish as a defendant.  However, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.  To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.  The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

<u>Spiller v. City of Texas City, Police Department</u>, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted).  Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."  <u>Colle v. Brazos County, Texas</u>, 981 F.2d 237, 245 (5th Cir. 1993); <u>see also</u> <u>Wetzel v. Penzato</u>, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009).  Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights.  <u>See, e.g.</u>, <u>Murray v. Town of Mansura</u>, 76 Fed. App'x 547, 549 (5th Cir. 2003); <u>Treece v. Louisiana</u>, 74 Fed. App'x 315, 316 (5th Cir. 2003); <u>Wetzel</u>, 2009 WL 5125465, at *3.  In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom.  Accordingly, the claim against the parish should be dismissed.

---

[2]   The court must liberally construe a *pro se* civil rights complaint.  <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

### III.  Official-Capacity Claims

The Court next notes that plaintiff indicates that he is suing all of the named defendants in both their official and individual capacities.  However, the official-capacity claims clearly fail because "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  Accordingly, the official-capacity claims against the defendants would in reality be claims against the local governmental entity they serve.  Therefore, for the same reasons already explained, in order to state proper official-capacity claims, plaintiff must allege that an official policy or custom was a cause in fact of the deprivation of his rights.  Again, he has not done so, and his official-capacity claims against the named defendants should be dismissed.

### IV.  Individual-Capacity Claims Against Sheriff Normand and Warden Monfra

Plaintiff also has not stated proper individual-capacity claims against Sheriff Normand or Warden Monfra.  "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation.  This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims."  Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).  Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  However, as already noted, plaintiff testified at the Spears hearing that neither Sheriff Normand nor Warden Monfra was personally involved in the incidents on which his claims are based; rather, he sued them based solely on the fact that they are supervisory officials.  That is improper, because supervisory officials cannot be held vicariously liable for the

actions of their subordinates pursuant to 42 U.S.C. § 1983.  Thompkins v. Belt, 828 F.2d 298, 303

(5th Cir. 1987); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or

*respondeat superior* liability.").   Accordingly, the individual-capacity claims against Sheriff

Normand and Warden Monfra should be dismissed.

V.  Transportation Claim

Plaintiff next claims that officials at the Jefferson Parish Correctional Center failed to

transport him to a parole revocation hearing scheduled for September 11, 2014.  Specifically, he

alleges that, on the day before the hearing, he advised Sergeant Banner of his need for transportation

and was told not to worry.  He also spoke to Sergeants Foret and Lee concerning the matter on the

day of the hearing, but nothing was done.  As a result, he missed his hearing, and it had to be

rescheduled.

With respect to this claim, it is unclear whether plaintiff is alleging that the defendants

intentionally deprived him of transportation or that the lack of transportation resulted from a

negligent oversight.  If he is alleging the latter, his claim clearly fails because negligence claims are

not cognizable in a § 1983 action.  See, e.g., Charles v. Rodriguez, 112 Fed. App'x 332, 333 (5th Cir.

2004) ("[A]t the most, the defendants' actions or inactions amounted to negligence, which is not

cognizable under 42 U.S.C. § 1983.").  However, even if he is alleging that the failure to transport

him to his hearing was deliberate, his claim still fails for the following reasons.

"It has long been recognized that prisoners generally enjoy the constitutional right of access

to the court," a right which encompasses a "reasonably adequate opportunity" to assert nonfrivolous

legal claims.  Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999).  Therefore, a refusal by jail

6

officials to provide an inmate with transportation to a hearing can in some circumstances result in the denial of that right.  See, e.g., Henry v. Pittman, Civ. Action No. 12-1885, 2013 WL 837264, at *2 (E.D. La. Mar. 6, 2013) ("Defendants opine that plaintiff's claim concerning the denial of transportation to court hearings is a type of 'access to the courts' claim. This Court agrees."); Clark v. Langston, No. 5:10-CT-3029, 2012 WL 254853, at *2-3 (E.D.N.C. Jan. 27, 2012); Vitasek v. Maricopa County Sheriff's Office, No. CV 10-1777, 2012 WL 176313, at *5-6 (D. Ariz. Jan. 23, 2012).  Further, "[i]nterference with a prisoner's right to access to the courts, such as a delay, may result in a constitutional deprivation."  Chicerol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Nevertheless, it is also clear that "an inmate alleging denial of access to the courts must demonstrate an actual injury stemming from defendants' unconstitutional conduct."  Id.; accord Vitasek, 2012 WL 176313, at *6.  Here, plaintiff cannot show that he sustained an actual injury from the failure to transport him to the hearing on September 11, 2014.  On the contrary, as he candidly admitted at the Spears hearing, the hearing was simply rescheduled when he failed to appear, and, in any event, he ultimately opted to plead guilty to the parole violation before that rescheduled hearing was even held.  In light of those facts, there is no evidence that he was prevented from asserting a nonfrivolous legal argument in the proceeding, unable to comply with a court deadline, or otherwise prejudiced in any way by the short delay resulting from the lack of transportation. Accordingly, this claim should be dismissed.

## VI.  Excessive Force Claim

Plaintiff's next claim is that defendant Wilfred used excessive force.  As noted, Wilfred sprayed plaintiff with mace as he allegedly "walked briskly" toward her, an action which she

7

interpreted as a move to assault her.  However, plaintiff has been charged with the criminal offense of simple assault with respect to that underlying incident.  As a result, <u>Heck v. Humphrey</u>, 512 U.S. 477 (1984),[3] might prohibit recovery on his excessive force claim if he is ultimately convicted of assault, in that the conviction might imply that Wilfred's use of force was reasonable under the circumstances.  <u>See</u> <u>Wilson v. Dailey</u>, Civ. Action No. 11-117, 2011 WL 2637183, at *2 (E.D. La. July 6, 2011); <u>cf.</u> <u>Hudson v. Hughes</u>, 98 F.3d 868, 873 (5th Cir. 1996); <u>Crowe v. Hoffman</u>, Civ. Action No. 12-687, 2013 WL 357006, at *2-4 (E.D. La. Jan. 29, 2013).

Of course, <u>Heck</u> does not currently apply because plaintiff's criminal charge is still pending. <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 393 (2007) (holding that <u>Heck</u> does not bar "an action which would impugn *an anticipated future conviction*").  Nevertheless, the United States Supreme Court has made clear that federal courts need not forge ahead with cases in which a <u>Heck</u> problem may ultimately arise.  Rather, the Supreme Court explained:

---

[3]     In <u>Heck</u>, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Heck</u>, 512 U.S. at 486-87 (emphasis in original) (footnote omitted).

> If a plaintiff files a false arrest claim before he has been convicted *(or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial)*, it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.  If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, <u>Heck</u> will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

<u>Id</u>. at 393-94 (citations omitted; emphasis added).  Under that reasoning, plaintiff's excessive force claim should be stayed until such time as his state criminal proceedings are concluded.  <u>Wilson</u>, 2011 WL 2637183, at *2.

### VII.  Retaliation Claim

Plaintiff also claims that defendants Wilfred, Berrian, Lee, and Abadie conspired to retaliate against him for filing administrative grievances.  Clearly, it is unlawful to retaliate against a prisoner for filing grievances.[4]  Unfortunately, the retaliation claim here is complicated by the form of retaliation supposedly chosen.  Specifically, plaintiff alleges that the defendants retaliated against

---

[4]   For example, the United States Fifth Circuit Court of Appeals has explained:

> Prison officials may not retaliate against an inmate for exercising his right of access to the courts or for complaining to a supervisor about guard misconduct.  <u>Woods v. Smith</u>, 60 F.3d 1161, 1164 (5th Cir. 1995).   Filing grievances in accordance with prison procedure and complaining about treatment can be protected expression under the First Amendment.  <u>See</u> <u>Jackson v. Cain</u>, 864 F.2d 1235, 1248 (5th Cir. 1989).  "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."  <u>Jones v. Greninger</u>, 188 F.3d 322, 324-25 (5th Cir. 1999) (per curiam).   The plaintiff must establish that "but for the retaliatory motive the complained of incident ... would not have occurred."  <u>Woods</u>, 60 F.3d at 1166.

<u>Haralson v. Campuzano</u>, 356 Fed. App'x 692, 698 (5th Cir. 2009).

him by "moving forward with false criminal charges of 'simple assault.'"[5]  However, if plaintiff is ultimately convicted on the simple assault charge in state court, any finding by this Court that the defendants retaliated him by instituting a "false" criminal charge would necessarily imply the invalidity of that state court conviction.  Therefore, once again, <u>Heck</u> is implicated.  Accordingly, the most prudent course of action is to likewise stay this claim until the state proceedings are concluded.

        With respect to that recommendation, the undersigned, out of an abundance of caution, will note that there is a long line of cases in this Circuit which holds that <u>Heck</u> is not implicated by a prison *disciplinary* conviction.  <u>See, e.g.</u>, <u>Hanna v. Maxwell</u>, 548 Fed. App'x 192, 196 (5th Cir. 2013) ("When retaliation is alleged, an inmate need not show that a disciplinary conviction has been overturned."), <u>cert. denied</u>, 135 S. Ct. 101 (2014); <u>Mahogany v. Rogers</u>, 293 Fed. App'x 259, 260 (5th Cir. 2008) ("Mahogany's retaliation claim is not barred under <u>Heck</u> because favorable termination of allegedly retaliatory disciplinary proceedings is not a requisite of a retaliatory interference claim." (quotation marks and brackets omitted)).  Nevertheless, in the undersigned's opinion, that line of cases is not controlling here, because plaintiff is alleging the institution of a false *criminal* charge  – an important difference.

        Indeed, the foregoing line of cases had its genesis in <u>Woods v. Smith</u>, 60 F.3d 1161 (5th Cir. 1995).  However, the Fifth Circuit's decision in <u>Woods</u> that a favorable termination requirement should not apply in cases involving retaliatory *disciplinary* claims obviously stemmed from a concern that such a requirement would allow prison officials to unilaterally thwart an otherwise

---

[5]   Rec. Doc. 3-1, p. 1.

valid retaliation claim simply by convicting a prisoner of a (perhaps invalid) disciplinary charge.

In refusing to engraft the "favorable termination" requirement applicable to "malicious prosecution"

claims onto claims alleging the retaliatory institution of disciplinary charges, the Fifth Circuit noted

a fundamental difference between such claims:

> [I]n a malicious prosecution claim, resolution of the underlying proceedings typically
> is within the province of a judge, jury, or senior prosecutor.  This differs sharply
> from the procedures at bar where the disciplinary proceedings are conducted solely
> by corrections officials.  Mindful of that critical difference, we are not prepared to
> require a favorable termination before examining an otherwise legitimate
> constitutional complaint.  Such a requirement would unfairly tempt corrections
> officers to enrobe themselves and their colleagues in what would be an absolute
> shield against retaliation claims.  This we will not do, for as we previously have
> stated, the court with which the inmate sought contact, and not his jailer, will
> determine the merits of his claim.

Woods, 60 F.3d 1165 (footnote, quotation marks, and brackets omitted).

That same concern obviously does not exist when the validity of a *criminal* charge (which

will decided by the state courts, *not* prison officials) is at issue.  In light of that distinction, as well

as the tension which would necessarily be created if a federal court upheld a retaliation claim based

on a supposedly "false" criminal charge which resulted in a state court conviction, the undersigned

concludes that Heck would be implicated in the instant case if plaintiff is ultimately convicted.  Cf.

Jenkins v. Town of Vardaman, Mississippi, 899 F. Supp. 2d 526, 535 (N.D. Miss. 2012) ("The court

finds that plaintiff's First Amendment retaliation claim is in fundamental conflict with his guilty plea

and that, if he were to prevail on that claim in this court, it would necessarily imply the invalidity

of his criminal conviction under Heck.  In particular, the court concludes that plaintiff could prevail

on his First Amendment retaliation claim only by negating an element of the offense of which he

was convicted, namely that he was lawfully arrested in this case." (citation, quotation marks, and brackets omitted)).

VIII.  Claims Against Unidentified Individuals

Lastly, the Court notes that plaintiff has also asserted claims against unidentified individuals.[6]  However, that is improper.  A § 1983 claim may only be asserted against actual identified persons.  Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); Vollmer v. Bowles, Civ. Action No. 3:96-CV-0081, 1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997).  Therefore, the claims against the unidentified individuals should be dismissed.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against Jefferson Parish be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that all of plaintiff's official-capacity claims be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

---

[6]   For example, he claims that other unidentified "S.I.U. officers" were involved in the retaliation claim.  He also claims that unidentified hearing officers denied him due process in a disciplinary hearing.

12

It is **FURTHER RECOMMENDED** that plaintiff's individual-capacity claims against Sheriff Normand and Warden Monfra be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's individual-capacity claims against Sergeants Foret, Lee, and Banner for failing to transport plaintiff to his parole revocation hearing be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims against unidentified individuals be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's individual-capacity claims against Deputy Wilfred for excessive force and against Deputy Wilfred and Sergeants Lee, Berrian, and Abadie for retaliation be **STAYED**.

It is **FURTHER RECOMMENDED** that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes.

It is **FURTHER RECOMMENDED** that the Court retain jurisdiction over the stayed claims and that the case be restored to the trial docket upon plaintiff's motion once his criminal proceedings are concluded, so that the claims may proceed to final disposition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

13

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this twenty-second day of January, 2015.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[7]    <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.